IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Number 9:21-cr- 500 |
| | ) | |
| -versus- | ) | 18 USC § 371 |
| | ) | 31 USC § 5324(a)(3) |
| | ) | 31 USC § 5324(d)(2) |
| | ) | 31 USC § 5317 |
| | ) | 28 USC § 2461(c) |
| MARCO ANTONIO MORALES-GUZMAN | ) | |
| JUAN CARLOS ENCISO | ) | |
| MARCO ANTONIO CARRILLO-TORRES | ) | **INDICTMENT** |
| | ) | **(UNDER SEAL)** |
| | ) | |
| | ) | |
| | ) | |

## COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown, but beginning at least in January 2020, and continuing thereafter, to and including the date of this Indictment, in the District of South Carolina, and elsewhere, the defendants, **MARCO ANTONIO MORALES-GUZMAN, JUAN CARLOS ENCISO, MARCO ANTONIO CARRILLO-TORRES,** did knowingly and intentionally combine, conspire and agree with each other and others both known and unknown to the Grand Jury to knowingly structure, attempt to structure, and assist in structuring deposits at domestic financial institutions for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulation promulgated thereunder.

In furtherance of the conspiracy and to achieve the objects thereof, the defendants and their co-conspirators committed the following overt acts and other overt acts in the District of South Carolina, and elsewhere:

(1) On July 16, 2020, the defendants, **MARCO ANTONIO MORALES-GUZMAN** and **JUAN CARLOS ENCISO**, knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, did structure, deposits at a domestic financial institution;

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-23

THE GRAND JURY FURTHER CHARGES:

That on or about the dates listed below, in the District of South Carolina and elsewhere, the below listed defendants, knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder,

did structure, attempt to structure, and assist in structuring deposits at a domestic financial institution, and did so as part of pattern of illegal activity involving more than $100,000 in a 12-month period, as described below:

| Count | Defendant | Date | Activity |
|---|---|---|---|
| 2 | MARCO ANTONIO MORALES-GUZMAN | 7/16/20 | Two (2) cash deposits consisting of one (1) in the amount of $7,050 and one in the amount of $7,000 |
| 3 | JUAN CARLOS ENCISO | 7/16/20 | Two (2) cash deposits each in the amount of $7,000 |
| 4 | JUAN CARLOS ENCISO | 7/21/20 | Two cash deposits each in the amount of $7,000 |
| 5 | MARCO ANTONIO MORALES-GUZMAN | 7/21/20 | Cash deposit in the amount of $7,000 |
| 6 | MARCO ANTONIO MORALES-GUZMAN | 7/25/20 | Two cash deposits- one in the amount of $7,100 and one in the amount of $7,000 |
| 9 | MARCO ANTONIO CARRILLO-TORRES | 8/24/20 | Two cash deposits each in the amount of $7,000 |
| 10 | MARCO ANTONIO MORALES-GUZMAN | 8/28/20 | Two cash deposits- one in the amount of $7,000 and one in the amount of $6,000 |
| 12 | JUAN CARLOS ENCISO | 9/9/20 | Three cash deposits- one in the amount of $3,000, one in the amount of $7,400 and one in the amount of $7,100 |
| 13 | MARCO ANTONIO MORALES-GUZMAN | 9/9/20 | Three cash deposits- one in the amount of $6,000, one in the amount of $7,300 and one in the amount of $7,000 |
| 14 | MARCO ANTONIO CARRILLO-TORRES | 9/9/20 | Cash deposit in the amount of $7,200 |

| 15 | MARCO ANTONIO CARRILLO-TORRES | 9/17/20 | Cash deposit in the amount of $7,000 |
| 16 | MARCO ANTONIO MORALES-GUZMAN | 9/17/20 | Cash deposit in the amount of $7,500 |

| 19 | JUAN CARLOS ENCISO | 10/13/20 | Two (2) cash consisting of one in the amount of $7,000 and one in the amount of $7.500 |

All in violation of Title 31, United States Code, Section 5324(a)(3) and 5324(d)(2).

## FORFEITURE

STRUCTURING:

Upon conviction for violation of Title 31, United States Code, Section 5324, as charged in this Indictment, the Defendants, **MARCO ANTONIO MORALES-GUZMAN, JUAN CARLOS ENCISO, MARCO ANTONIO CARRILLO-TORRES,**

shall forfeit to the United States any property, real or personal, used or intended to be used, in any manner or part, to commit or facilitate the commission of the offenses, and any property traceable thereto.

PROPERTY:

Pursuant to 31 U.S.C. § 5317(c)(1) and 28 U.S.C. § 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

> Facilitating Property/Forfeiture Judgment:
>
> A sum of money equal to all property involved in or traceable to, which the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest traceable to their violation of 31 U.S.C. § 5324.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants --

   (1)   cannot be located upon the exercise of due diligence;
   (2)   has been transferred or sold to, or deposited with, a third person;
   (3)   has been placed beyond the jurisdiction of the Court;
   (4)   has been substantially diminished in value; or
   (5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Sections 982(b)(1),

[incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendants up to the value of the above forfeitable property.

Pursuant to Title 31, United States Code, Section 5317 and Title 28, United States Code, Section 2461(c).

A True BILL

FOREPERSON

M. RHETT DEHART (nb)
ACTING UNITED STATES ATTORNEY